## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SARAH A. RAMEY,                        )
                                       )
           Plaintiff                   )
                                       )
                                       )   **Case No.:**
     v.                                )
                                       )   **COMPLAINT AND DEMAND FOR**
                                       )   **JURY TRIAL**
REGENT ASSET MANAGEMENT                )
SOLUTIONS,                             )   **(Unlawful Debt Collection Practices)**
                                       )
                                       )
           Defendant                   )

## COMPLAINT

SARAH A. RAMEY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against REGENT ASSET MANAGEMENT SOLUTIONS ("Defendant"):

## INTRODUCTION

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

- 1 -

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction over the federal claims contained therein.

3.    Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.    Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.    Plaintiff is a natural person residing in Haverhill, Massachusetts.

7.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.    Defendant is a national debt collection company with its principal place of business located at 7290 Samuel Drive, Suite 200, Denver, Colorado.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. <u>See</u> 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

PLAINTIFF'S COMPLAINT

1692f.   The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.   In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.   Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15.    At all pertinent times hereto, Defendant was allegedly hired to collect a consumer debt allegedly owed by Plaintiff.

16.    The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

17.    On or about February 9, 2010, Defendant sent correspondence to Plaintiff seeking and demanding payment for a debt allegedly owed to Household Bank in the amount of $1560.62.  See Exhibit A, the February 9, 2010, letter from Defendant.

18.    Defendant offered to settle the alleged debt with Plaintiff, claiming to that it would "waive interest, attorney fees and collection costs."  See Exhibit A, the February 9, 2010, letter from Defendant.

19.    This statement was misleading and deceptive to Plaintiff as she had never received any letters or documents from an attorney or anything indicating that any attorney was reviewing the collection account.

20.    Moreover, Defendant claimed that it and all agents or attorneys representing this claim would continue to proceed with collection actions, which again was confusing, misleading, and harassing to Plaintiff as she did not know what Defendant meant by continuing with "collection actions."  See Exhibit A, the February 9, 2010, letter from Defendant.

21.   Further, Defendant threatened that its settlement offer did not automatically put a hold on any legal action being taken against her. <u>See</u> Exhibit A, the February 9, 2010, letter from Defendant.

22.   Once again, Defendant's statements to Plaintiff were deceptive, misleading, and harassing, as Defendant had never informed Plaintiff that any legal action was being taken against her or that it was contemplating legal action.

23.   Finally, Defendant urged Plaintiff to contact it if she wanted a stay a hearing or garnishment as a result of the delinquency. <u>See</u> Exhibit A, the February 9, 2010, letter from Defendant.

24.   Again, Defendant's statements were misleading, confusing, and deceptive, as there were no court matters pending against Plaintiff and her wages were not being garnished.

25.   Thereafter, on or about March 2, 2010, Plaintiff sent written correspondence to Defendant instructing that it cease and desist contacting her. <u>See</u> Exhibit B, March 2, 2010 letter from Plaintiff

26.   Also, Plaintiff notified Defendant that she dispute the debt and requested validation of the alleged debt.

27.   To date, Defendant has not responded to Plaintiff's request for validation.

PLAINTIFF'S COMPLAINT

28.    Moreover, despite its threats, Defendant has not taken any legal action against Plaintiff.

29.    Finally, in addition to sending written correspondence to Plaintiff in its attempts to collect a debt, Defendant made a serious of repetitive and harassing phone calls to Plaintiff.

30.    Defendant's actions in attempting to collect this alleged debt from Plaintiff were harassing, unfair, deceptive, and an invasion of privacy.

## CONSTRUCTION OF APPLICABLE LAW

31.    The FDCPA is a strict liability statute.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2nd Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2nd Cir. 1993).

32.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d

PLAINTIFF'S COMPLAINT

1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

33.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  <u>See</u> <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u>  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

34.     Defendant violated the FDCPA in the following ways:

a.  Engaging in conduct, of which the natural consequence is to

- 8 -

harass, oppress, or abuse many person in connection with the collection of a debt, in violation of 15 USC § 1692d;

b. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass, in violation of 15 USC § 1692d(5);

c. Using false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 USC § 1692e;

d. Falsely representing the character, amount, or legal status of any debt, in violation of 15 USC § 1692e(2);

e. Falsely representing services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 USC § 1692e(2);

f. Threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 USC § 1692e(5);

g. Using false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 USC § 1692e(10);

h. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 USC § 1692f; and

i. Attempting to collect an amount not expressly authorized by the

PLAINTIFF'S COMPLAINT

agreement, in violation of 15 USC § 1692f(1);

35.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Plaintiff, SARAH A. RAMEY, respectfully prays for a judgment as follows:

    a.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    b.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    c.    Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, and any issues relating to the amount of attorneys' fees and

1  litigation costs to be awarded should Plaintiff prevail on any of her claims in this

2  action.

3

4

5                                           RESPECTFULLY SUBMITTED,

    DATED: August 2, 2010            KIMMEL & SILVERMAN, P.C..

6

7

8                                      By: _____

                                        Craig Thor Kimmel

9                                          Attorney ID # 57100

                                        Kimmel & Silverman, P.C.

10                                          30 E. Butler Pike

                                        Ambler, PA 19002

11                                          Phone: (215) 540-8888

                                        Fax: (215) 540-8817

12                                          Email: kimmel@creditlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT